UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EXPRESS SUPPLY & STEEL, LLC                    CIVIL ACTION

VERSUS                                                      NO. 23-154

COX OPERATING, LLC, ET AL.                    SECTION "R" (4)

## ORDER AND REASONS

Before the Court is plaintiff's *ex parte* motion for a writ of sequestration.[1] For the following reasons, the Court GRANTS plaintiff's motion.

## I.     BACKGROUND

Plaintiff Express Supply & Steel, LLC, allegedly furnished goods, materials, supplies, and services to defendant Cox Operating, LLC ("Cox") in connection with Cox's drilling operations on certain of its leases on the Outer Continental Shelf from April through June of 2022.[2]   During that time, plaintiff allegedly performed nearly $150,000 worth of work.[3]   Plaintiff contends that La. Rev. Stat. 9:4871, the Louisiana Oil Well Lien Act ("LOWLA"), grants plaintiff a lien by operation of law on certain of defendants' interests to secure payment for its goods and services.[4]

---

[1]     R. Doc. 2; R. Doc. 1-1.
[2]     *Id.* ¶ 1.
[3]     R. Doc. 1-1.
[4]     R. Doc. 1 ¶

On January 11, 2023, plaintiff filed a verified complaint seeking recognition and enforcement of its lien and a writ of sequestration.[5] Plaintiff's complaint also includes an *in personam* claim against Cox.[6] Plaintiff simultaneously filed an *ex parte* motion for a writ of sequestration.[7] The Court considers plaintiff's motion for a writ of sequestration below.

## II.   ANALYSIS

Rule 64 of the Federal Rules of Civil Procedure authorizes district courts to sequester property pursuant to state law.  Fed. R. Civ. P. 64(a) ("At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment," including "sequestration.")    Louisiana law permits those with security interests in property to have property seized pursuant to a writ of sequestration "if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenue therefrom . . . during the pendency of litigation."  La. Code Civ. P. art. 3571.

---

[5]    *Id.* ¶¶ 18-30.
[6]    *Id.* ¶¶ 31-32.
[7]    R. Doc. 2.

A writ of sequestration is not a transfer of title; rather, it is "a conservatory writ which is intended to preserve property pending the outcome of a judicial proceeding." *Grantt Guillory Enters., Inc. v. Quebedeaux*, 110 So. 3d 182, 189 (La. App. 3 Cir. 2013). Writs of sequestration issue legally "if the petitioner alleges adequate and valid grounds to support it, even if these are later disproved." *Rocket Indus., Inc. v. Southern Tire & Supply, Inc.*, 706 F.2d 561, 563 (5th Cir. 1983). The Supreme Court has held that Louisiana's mechanism for issuing writs of sequestration, which may be granted without notice or hearing, is constitutional, in part because opposing parties are permitted to seek the immediate dissolution of the writ. *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 605-06 (1974).

Under Louisiana law, a court may issue a writ of sequestration only "when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from the specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent." La. Code Civ. P. art. 3501. "Art. 3501 must be strictly and literally complied with because it deals with the extremely harsh remedy of a conservatory writ." *CEF Funding, LLC v. Huey*, No. 09-2978, 2009 WL 10681986, at *2 (E.D. La. June 2, 2009) (internal

quotation marks omitted).  The party seeking a writ of sequestration need not show that the defendants actually would conceal, dispose of, or waste the encumbered property; rather, it need only show that defendants have the power to do so.  *Id.*

Plaintiff contends that it has a security interest in the property it seeks to sequester—defendants' legal title in the operating interest covering various leases—by virtue of LOWLA, which "creates lien rights and privileges to secure certain obligations arising from contractor and laborer activities on well sites."  *Bordelon Marine, LLC v. Devon Energy Prod. Co., LP*, No. 14-1784, 2015 WL 1509493, at *3 (E.D. La. Apr. 1, 2015) (citing La. Rev. Stat. § 9:4862).  "[T]he purpose of [LOWLA] is to protect those . . . who contribute labor, services, and equipment to the drilling of wells from the default of those who engage them," and reflects the legislature's desire to "place[] the risk of the contractor's insolvency or failure to pay on those with an interest in the lease."  *Guichard Drilling Co. v. Alpine Energy Servs., Inc.*, 657 So. 2d 1307, 1312-13 (La. 1995).  In enacting LOWLA, the legislature "made a policy decision that the lease owners are in a far better position to ensure payment for the subcontractor's services than is the subcontractor, and that the onus should be on the lease owners to ensure that the contractor it hires is solvent and that it actually makes payment to the subcontractor."  *Id.* at 1313.

LOWLA thus contemplates that a lien holder "may enforce his privilege by the writ of sequestration, without the necessity of furnishing security." La. Rev. Stat. § 9:4871.

The lien created by LOWLA covers, among other property interests, "[t]he operating interest under which the operations giving rise to the claimant's privilege are conducted together with the interest of the lessee of such interest in" the "[t]ract of land, servitude, and lease" that covers "the well site of the operating interest." La. Rev. Stat. § 9:4863. The privilege created by LOWLA "attaches to all property listed in the statute, regardless of ownership, and requires no contractual relationship between the supplier of labor, service, or equipment and the owner of the lease or equipment." *Id.* To preserve and give effect to the lien, the lien holder must file a statement of privilege in the mortgage records of the parish where the operating interest subject to the privilege is located. La. Rev. Stat. § 9:4865(A)(1). For the privilege to be effective against third parties, the claimant must file an action to enforce the privilege within one year of filing the statement of privilege. La. Rev. Stat. § 9:4865(A)(2).

Here, plaintiff meets the requirements for a writ of sequestration. Plaintiff's verified complaint clearly outlines the nature of its claim, which is premised on defendants' nonpayment for plaintiff's provision of goods,

materials, and services, and the amount of its claim.[8]  Plaintiff alleges that LOWLA grants it a lien on defendants' legal title in the operating interest covering various of its leases,[9] and that it perfected its liens by filing statements of privilege in the mortgage records of the parishes where the wells are located in November of 2022.[10]  Plaintiff has also alleged that defendants have the power to alienate or encumber the property interests that are subject to the liens.[11]  Although the risk that encumbered property will be "conceal[ed], dispose[d] of, or waste[d]" applies most obviously to movable property, *see, e.g.*, *Mack Fin. Servs. v. Ackel*, No. 20-2814, 2020 WL 6685003, at *5-6 (E.D. La. 2020), LOWLA specifically contemplates that claimants can enforce their rights through a writ of sequestration over a defendant's operating interest in a lease.  La. Rev. Stat. § 9:4863; *see also JHJ Ltd. I v. Chevron USA, Inc.*, 806 F.2d 82, 82 (5th Cir. 1986) (per curiam) (affirming the district court's issuance of a writ of sequestration over Chevron's interest in its lease pursuant to LOWLA).  Plaintiff has thus alleged "adequate and valid grounds to support" the issuance of a writ of sequestration.  *Rocket Indus., Inc.*, 706 F.2d at 563.

---

[8]     R. Doc. 1 ¶¶ 9, 16-17.

[9]     Plaintiff specifies in detail the interests it seeks to sequester in its motion.  R. Doc. 2.

[10]    R. Doc. 2 ¶ 3.

[11]    *Id.* ¶ 10.

## III.     CONCLUSION

For the foregoing reasons, the Court hereby GRANTS plaintiff's motion for a writ of sequestration.  The Court will issue the Proposed Writ of Sequestration and Proposed Order plaintiff provided at R. Docs. 2-1 and 2-2.

New Orleans, Louisiana, this  12th  day of January, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE